█ THEODORE KESSLER, Respondent, v. WILDWOOD DUDE RANCH, INC., et al., Appellants, et al., Defendant.— In an action to recover damages for personal injury sustained by plaintiff while a guest at the dude ranch owned by the corporate defendant and operated by it and the individual defendant, Albert Steinberg, its president, said two defendants appeal from a judgment of the Supreme Court, Kings County, entered June 1, 1962 after a jury trial, against them for $10,973.25, in favor of the plaintiff. The complaint was dismissed as against the other individual defendant Bertie Steinberg; there is no appeal with respect to such dismissal. Judgment reversed on the law, without costs; new trial granted as to the defendant corporation and the individual defendant Albert Steinberg; and action severed as against the defendant Bertie Steinberg. The findings of fact implicit in the jury's verdict have not been considered since the appellants in this court presented only questions of law. Plaintiff was injured while riding a horse owned and maintained by the defendant corporation on the ranch for the use of its guests. Plaintiff claimed that the horse had vicious propensities and that he (plaintiff) was thrown from the horse when a dog, of like propensities, which had been harbored by the defendant corporation and the individual defendant Albert Steinberg, suddenly attacked the horse. On direct examination, plaintiff's witness Hunter testified to prior conduct by the dog which demonstrated the dog's vicious propensities in relation to horses. In view of such testimony, we believe it was error for the trial court to have deprived the defendants of their right to cross-examine this witness with respect to collateral matters which tended to impeach his credibility (Richardson, Evi-

dence [8th ed.], § 510 and cases there cited). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.